Cooley, Ch. J.:
The court below has acted, we think, upon a wholly erroneous view of the statute under which the action was brought.
The statute is a follows: “The stockholders of all corporations founded upon this act shall be individually Hi-able for all labor performed for such corporation, which said liability may be enforced against any stockholders by action founded on this statute, at any time after an execution shall be returned and [as] not satisfied, or any time after an adjudication in bankruptcy against such corporation: Provided always, That if any stockholder shall be compelled by any such action to pay the debts of any creditor, or any part thereof, he shall have the right to call upon all the stockholders to contribute their part of the sum so paid by him as aforesaid, and may sue them, jointly or severally, or any number of them, and recover in such action the ratable amount due from the stockholder or stockholders so sued.” — Gomp. L., § 2852.
Now, it is manifest, we think, that the suit here provided for is a suit for contribution, in which the stockholder Who has paid is to recover from one or more others the amount he or they should ratably pay for his reimbursement, and it does not contemplate a joint judgment, by which one party defendant would be charged, not only for his own delinquency, but for the delinquency of others also. The words of a statute ought to be very plain before it should be held to authorize a joint judgment on promises which were several.
But such a joint judgment is not in furtherance of the pur *105 pose of the statute. It does not enforce contribution, and under the view taken by the plaintiff it might require as many suits as there are stockholders before contribution is rendered complete. Suppose in this case after a joint judgment against twelve the execution is collected of one, he in turn might sue the others, and the one from whom he collected might repeat the operation, and so on. And the numerous suits would not be the only extraordinary result, but the last responsibile party from whom collection was made would be left to bear the loss resulting from the irresponsibility of others. It is impossible to suppose the statute has intended such an absurdity. When it authorizes a suit against several for their ratable proportions, what *is contemplated is[1] a recovery against each of his ratable proportion, his stock being the basis of estimate.'
The judgment must be reversed, with costs, and a new trial ordered.
The other justices concurred.